Kevin R. Sutherland (State Bar No. 163746)
Autumn E. Lewis (State Bar No. 295584)
CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800
Facsimile: (415) 365-9801
Email: kevin.sutherland@clydeco.us
       autumn.lewis@clydeco.us
Attorneys for Defendant
CHALK HILL CONSULTING GROUP, LLC

-and-

Derek B. Jacobson (State Bar No. 88417)
MCGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, California 94133
Telephone:  (415) 421-9292
Facsimile:  (415) 403-0202
Email:      dbjacobson@mhpsf.com

Blake R. David (*admitted pro hac vice*)
BROUSSARD & DAVID, LLC
557 Jefferson Street
Post Office Box 3524
Lafayette, Louisiana 70502-3524
Telephone:  (337) 233-2323
Facsimile:  (337) 233-2353
Email:      blake@broussard-david.com
Attorneys for Plaintiffs
PEGGY ROBIN, Personally And As
Personal Representative Of
The Deceased, LIONEL ROBIN, ESTATE
OF LIONEL ROBIN, MARK ROBIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY ROBIN, PERSONALLY AND AS PERSONAL REPRESENTATIVE OF THE DECEASED, LIONEL ROBIN, ESTATE OF LIONEL ROBIN, MARK ROBIN,<br><br>Plaintiff(s),<br><br>v.<br><br>NICOLE JORDAN-WEBBER AND JEFFREY T. WEBBER, AS CO-TRUSTEES OF THE JEFFREY T. WEBBER 2003 LIVING TRUST, | Case No. 3:19-cv-05201-JSC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: February 6, 2020<br>Time: 1:30 p.m.<br>Place: Courtroom E, 15th Floor<br>Judge: Hon. Jacqueline Scott Corley |

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

| | |
|---|---|
| NICOLE JORDAN-WEBBER AND JEFFREY T. WEBBER AS CO-ADMINISTRATORS OF THE ESTATE OF JEFFREY THOMAS WEBBER and CHALK HILL CONSULTING GROUP, LLC, | ) ) ) ) ) ) ) ) |
| Defendant(s). | ) |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, United States District Court for the Northern District of California Local Rule 16-9 and Standing Order for All Judges of the Northern District of California dated November 1, 2018, defendant Chalk Hill Consulting Group, LLC (hereinafter "Chalk Hill") and plaintiffs Peggy Robin, Estate of Lionel Robin, and Mark Robin (hereinafter "plaintiffs") (hereinafter collectively referred to as "the parties") submit their Joint Case Management Statement as follows.

### I.  JOINT CASE MANAGEMENT STATEMENT

#### 1.  *Jurisdiction and Service*

This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332 because the matter in controversy exceeds the sum of US$75,000, exclusive of interest or costs, and is between citizens of different states.  Specifically, plaintiffs are domiciled in and citizens of Louisiana and defendant Chalk Hill is a Limited Liability Corporation and all members of the Limited Liability Corporation are citizens of California.  The parties have not identified any issues with respect to jurisdiction or venue.

Defendants Nicole Jordan-Webber and Robert Webber remain to be served in this matter.

#### 2.  *Facts*

This matter arises from the crash of a 1984 Beech A36 fixed-wing, single-engine aircraft bearing Federal Aviation Administration ("FAA") registration No. N100JB ("subject aircraft").  The incident occurred on January 7, 2019, at approximately 10:50 a.m.  The subject aircraft departed from the Colusa County

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

Airport at 10:41 a.m. and was destined for Healdsburg Municipal Airport in Sonoma County. Shortly after take-off, the subject aircraft collided with terrain two miles south of the Colusa County Airport, Colusa, California ("O08"). Private pilot Jeffrey Thomas Webber and passenger Lionel Robin were fatally injured as a result of the incident. The National Transportation Safety Board ("NTSB") has issued the Aviation Accident Preliminary Report for accident No. WPR19LA058, however, the NTSB's investigation is ongoing and it has not published its final report. Plaintiffs allege negligence and wrongful death against Chalk Hill as a result of the crash. Chalk Hill denies any and all liability.

### 3. Legal Issues

#### a. *Plaintiff's Statement*

In addition to any and all allegations in their complaint, Lionel Robin's wife of 50 years, Peggy Robin, and his adult son who lived with him, Mark Robin, bring these claims arising out of Lionel Robin's death in the plane crash on January 7, 2019 near Colusa, California. Lionel was a passenger in the Beech A36 aircraft operated by Lionel's friend Jeffrey T. Webber. The aircraft was owned by Chalk Hill Consulting Group, LLC. Based on information received, that Webber and defendants are solely responsible for the crash that tragically killed both he and Lionel. Plaintiffs seek any and all damages as prayed for in their complaint, including but not limited to past and future lost earnings and support, funeral and burial expenses, loss of society and companionship, protection, affection, moral support, and training/guidance.

#### b. *Chalk Hill's Statement*

Plaintiffs have alleged causes of action for negligence and wrongful death as a result of the accident against Nicole Jordan-Webber, Robert Webber, and Chalk Hill. Chalk Hill denies any and all liability and denies that plaintiffs are entitled to any recovery of damages.

//

### 4. Motions

No motions have been filed to date.

### 5. Amendment of Pleadings

On August 20, 2019, plaintiffs filed the Complaint. On November 12, 2019, plaintiffs filed the First Supplemental and Amending Complaint. On December 18, 2019, plaintiffs filed the Errata to Case Caption of the First Supplemental and Amending Complaint. On December 23, 2019, plaintiffs filed the Second Amending Complaint. The parties do not presently anticipate any additional amending of the pleadings and propose that the deadline for amendment of pleadings be set for March 23, 2020.

### 6. Evidence Preservation

The parties have reviewed the Guidelines Relating to Discovery of Electronically Stored Information and have met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure regarding reasonable and appropriate steps taken to preserve evidence relevant to the issues in this action. In accordance with same, the parties are taking appropriate steps to preserve relevant evidence.

### 7. Disclosures

The parties, through counsel, have conducted a telephonic conference of counsel and have agreed to serve their initial disclosures by January 23, 2020.

### 8. Discovery

Discovery has not yet been conducted. The parties do not request any changes in the timing, form or requirement for disclosures under Rule 26(a). Plaintiff anticipates taking discovery on the issue of the defendant's negligence, potential punitive damages, and any facts and issues surrounding the defendants' actions, the aircraft, pilot, crash and damages sustained. Chalk Hill anticipates taking discovery on the issue of plaintiffs' alleged damages.

The parties agree that discovery will not be conducted in phases and will not be limited or focused upon particular issues. The parties do not seek any changes in

the limitation on discovery imposed by the Federal Rules of Civil Procedure. The parties do not anticipate any issues with respect to claims of privilege. However, plaintiffs and/or Chalk Hill may seek a stipulated protective order if any proprietary or confidential information is requested in discovery. The parties do not anticipate any issues concerning disclosure or discovery of electronically stored information and, thus, do not believe that a stipulated e-discovery order is necessary.

### *Chalk Hill's Statement Regarding Discovery Deadlines:*

On February 4, 2019, the NTSB released the Aviation Accident Preliminary Report for accident No. WPR19LA058. The NTSB is an independent federal agency responsible for civil transportation accident investigations. Before concluding its investigation of the accident, the NTSB will establish a "public docket," which will be comprised of "records from an accident investigation that the investigator who oversaw the investigation of that accident has deemed pertinent to determining the probable cause of the accident." 49 C.F.R. § 801.2; *see* 49 C.F.R. §§ 801.3, 801.30. The NTSB has not yet established a public docket concerning the accident or released any records or reports relating to its investigation, other than the Preliminary Report.

Based upon its investigation, the Safety Board will prepare and adopt a final report that contains its factual findings, analysis, probable cause determinations and safety recommendations. Factual accident reports "containing the results of the investigator's investigation of the accident" are admissible. 49 C.F.R. § 835.2; *Loftleidir Icelandic Airlines, Inc. v. McDonnell Douglas Corp.*, 158 Cal. App. 3d 83, 93 (Ct. App. 1984) (finding that factual information in the NTSB's report is admissible). While the time of release of the final report is unknown, a final report is usually release approximately 12 to 24 months after the date of the incident. Prior to the NTSB's adoption of the final report, the release of information is limited to verified factual information identified during the course of the investigation. *See* 49 C.F.R. § 831.13. The NTSB Investigator-In-Charge will release the retained

material only when is no longer needed for investigative purposes. *See* 49 C.F.R. § 831.12. Until then, only the NTSB's accident investigation personnel, and persons authorized by the Investigator-In-Charge to participate in the investigation, are permitted to access the material. *See* 49 C.F.R. § 831.12. NTSB final factual reports are an "essential document" in litigation arising from an aircraft accident. *See Funderburg v. United States*, No. C 02-05461 JW, 2005 WL 6019702, at *1 (N.D. Cal. Sept. 14, 2005) (holding that NTSB "factual reports are admissible" at trial). *See also Loftleidir Icelandic Airlines, Inc. v. McDonnell Douglas Corp.*, 158 Cal. App. 3d 83 (1984) (finding that "factual information contained in the NTSB report is admissible" and reversing trial court's denial of a motion for a new trial on grounds that trial court erred by excluding expert's testimony concerning factual findings in NTSB); *Hurd v. United States*, 134 F. Supp. 2d 745, 750 (4th Cir. 2002) ("[c]ourts have consistently held that the factual portions of a NTSB report are admissible into evidence"). For the above-stated reasons, it is Chalk Hill's position that no trial date or pretrial deadlines should be assigned to this matter until the NTSB has released its final report. If the Court is inclined to set a trial date and related pretrial deadlines, the parties propose the following discovery deadlines:

1. Fact Discovery Cut-Off Date:            October 23, 2020
2. Last Day to Disclose Expert Witnesses:  November 20, 2020
3. Last Day to Disclose Rebuttal Witnesses: December 22, 2020
4. Expert Discovery Cut-Off Date:          January 29, 2021

However, Chalk Hill submits that, if these dates are set, they should be reset if the NTSB final report has not been issued in the next ninety (90) days.

### 9. Class Action

This is not a class action.

### 10. Related Cases

There are no related cases.

//

### 11. Relief

Plaintiff seeks damages for Peggy Robin, personally and as personal representative of the deceased, Lionel Robin, Estate of Lionel Robin and Mark Robin as prayed for above and in their complaint.

Chalk Hill denies any and all liability and denies that plaintiffs are entitled to the recovery of any damages. Based upon the allegations contained in the Second Amending Complaint, Chalk Hill provides that plaintiffs' damages, if any, will be calculated in accordance with California Code of Civil Procedure Section 377.61 and all applicable case law.

### 12. *Settlement and ADR*

The parties met and conferred regarding the ADR procedures and have scheduled an early private mediation with ADR Service, Inc. for February 3, 2020.

### 13. *Consent to Magistrate Judge for All Purposes*

The parties have consented to a magistrate judge to conduct all further proceedings including trial and entry of judgment.

### 14. *Other References*

None at this time.

### 15. *Narrowing of Issues*

None at this time.

### 16. *Expedited Trial Procedure*

The parties do not request an expedited schedule.

### 17. *Scheduling*

***Chalk Hill's Statement Regarding Trial And Pretrial Dates:***

On February 4, 2019, the NTSB released the Aviation Accident Preliminary Report for accident No. WPR19LA058. The NTSB is an independent federal agency responsible for civil transportation accident investigations. Before concluding its investigation of the accident, the NTSB will establish a "public docket," which will be comprised of "records from an accident investigation that the

investigator who oversaw the investigation of that accident has deemed pertinent to determining the probable cause of the accident." 49 C.F.R. § 801.2; *see* 49 C.F.R. §§ 801.3, 801.30. The NTSB has not yet established a public docket concerning the accident or released any records or reports relating to its investigation, other than the Preliminary Report.

Based upon its investigation, the Safety Board will prepare and adopt a final report that contains its factual findings, analysis, probable cause determinations and safety recommendations. Factual accident reports "containing the results of the investigator's investigation of the accident" are admissible. 49 C.F.R. § 835.2; *Loftleidir Icelandic Airlines, Inc. v. McDonnell Douglas Corp.*, 158 Cal. App. 3d 83, 93 (Ct. App. 1984) (finding that factual information in the NTSB's report is admissible). While the time of release of the final report is unknown, a final report is usually release approximately 12 to 24 months after the date of the incident. Prior to the NTSB's adoption of the final report, the release of information is limited to verified factual information identified during the course of the investigation. *See* 49 C.F.R. § 831.13. The NTSB Investigator-In-Charge will release the retained material only when is no longer needed for investigative purposes. *See* 49 C.F.R. § 831.12. Until then, only the NTSB's accident investigation personnel, and persons authorized by the Investigator-In-Charge to participate in the investigation, are permitted to access the material. *See* 49 C.F.R. § 831.12.

The NTSB final factual report is an "essential document" in litigation arising from an aircraft accident. *See Funderburg v. United States*, No. C 02-05461 JW, 2005 WL 6019702, at *1 (N.D. Cal. Sept. 14, 2005) (holding that NTSB "factual reports are admissible" at trial). *See also Loftleidir Icelandic Airlines, Inc. v. McDonnell Douglas Corp.*, 158 Cal. App. 3d 83 (1984) (finding that "factual information contained in the NTSB report is admissible" and reversing trial court's denial of a motion for a new trial on grounds that trial court erred by excluding expert's testimony concerning factual findings in NTSB); *Hurd v. United States*,

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

134 F. Supp. 2d 745, 750 (4th Cir. 2002) ("[c]ourts have consistently held that the factual portions of a NTSB report are admissible into evidence"). Additionally, in the matter of *Burchett v. South Denver Windustrial Co.*, which involved a wrongful death action arising from an aircraft accident, the Colorado Supreme Court held that the trial court had abused its discretion by refusing to grant a continuance when the plaintiffs had moved for the continuance on the grounds that the NTSB final report had not yet been issued. 42 P. 3d 19, 20 (Colo. Sup. Ct. 2002). In support of its holding, the court in *Burchett* held that cases involving an aircraft accident merit special treatment because accidents are:

> "investigated thoroughly and impartially by a respected government agency [the NTSB], irrespective of this litigation. The complicated discovery and expert requirements of the case make it such that a longer period before trial, and consequently for deadlines for disclosure of expert testimony, may improve the chances for settlement, reduce the costs of the litigation, and improve the overall outcome of the case."

*Burchett*, 42 P.3d at 22. For the above stated reasons, it is Chalk Hill's position that no trial date or pretrial deadlines should be assigned to this matter until the NTSB has released its final report. If the Court is inclined to set a trial date and related pretrial deadlines. the parties propose the following deadlines:

1. Fact Discovery Cut-Off Date: Friday, October 23, 2020;
2. Last Day to Disclose Expert Witnesses: Friday, November 20, 2020;
3. Last Day to Disclose Rebuttal Witnesses: Tuesday, December 22, 2020;
4. Expert Discovery Cut-Off Date: Friday, January 29, 2021;
5. Hearing on Dispositive Motions: Thursday, February 18, 2021;
6. Pretrial Conference: Thursday, March 4, 2021;
7. Trial: Thursday, March 18, 2021

However, Chalk Hill submits that, if these dates are set, they should be reset if the NTSB final report has not been issued in the next 90 days.

//

//

### 18. Trial

In the original Complaint, plaintiffs have demanded a jury trial. Plaintiffs estimate that a trial, if necessary, will take 5 to 10 days. Chalk Hill estimates that a trial, if necessary, will take 7 to 10 days.

### 19. Disclosure of Non-Party Interested Entities or Persons

Chalk Hill has filed a Certificate of Interested Parties. Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Chalk Hill has certified that there is no parent company and/or any publicly held corporation which owns 10% or more of its stock.

Pursuant to United States District Court for the Northern District of California Civil Local Rule 3-15, the undersigned counsel of record for defendant Chalk Hill certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter in controversy or in a party that could be substantially affected by the outcome of this proceeding:

1. Chalk Hill Consulting Group, LLC;
2. Nicole Jordan-Webber;
3. Robert Webber;
4. Peggy Robin; and
5. Mark Robin

### 20. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

//
//
//
//
//

### 21. Other Matters

None at this time.

Dated: January 23, 2020					CLYDE & CO US LLP


						By:	    /s/ Autumn E. Lewis
							KEVIN R. SUTHERLAND
							AUTUMN E. LEWIS
							Attorneys for Defendant
							CHALK HILL CONSULTING GROUP. LLC


Dated: January 23, 2020					BROUSSARD & DAVID LLC


						By:	    [1]/s/ David R. Blake
							RICHARD C. BROUSSARD
							BLAKE R. DAVID
							(*admitted pro hac vice*)

							-and-

							DEREK B. JACOBSON
							MCGUINN, HILLSMAN & PALEFSKY

							Attorneys for Plaintiffs
							PEGGY ROBIN, PERSONALLY AND AS PERSONAL REPRESENTATIVE OF THE DECEASED, LIONEL ROBIN, ESTATE OF LIONEL ROBIN, MARK ROBIN

---

[1] By permission of David R. Blake on January 23, 2020.

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

# PROOF OF SERVICE

## STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

I am a employed in the County of Los Angeles, State of California, I am over the age of eighteen years, and not a party to the within action. My business address is 355 S. Grand Avenue, Suite 1400, Los Angeles, CA 90071.

On January 23, 2020, I served the document(s) described as:

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

on the parties in this action addressed as follows:

SEE ATTACHED SERVICE LIST

in the following manner:

☐ **(BY FAX):** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☐ **(BY MAIL):** as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT DELIVERY):** I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

☐ **(BY PERSONAL SERVICE):** I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☒ **(BY CM/ECF):** by electronic filing system with the clerk of the Court which will send a Notice of Electronic Filing to all parties with an e-mail address of record, who have filed a Notice of Consent to Electronic Service in this action.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 23, 2020, at Los Angeles, California.

*/s/ Patricia De La Cruz*
Patricia De La Cruz

# SERVICE LIST
*Peggy Robin v. Nicole Jordan-Webber*
Case No. Case No. 3:19-cv-05201-JSC

Derek B. Jacobson, Esq.
MCGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, California 94133
Telephone: (415) 421-9292
Facsimile: (415) 403-0202
Emails: derek@mhpsf.com

Attorneys For Plaintiff
PEGGY ROBIN, Personally And As Personal Representative Of The Deceased, Lionel Robin, ESTATE OF LIONEL ROBIN and MARK ROBIN

Richard C. Broussard, Esq.
Blake R. David, Esq.
BROUSSARD & DAVID, LLC
557 Jefferson Street,
P.O. Box 3524
Lafayette, Louisiana 70502-3524
Telephone: (337) 233-2323
Facsimile: (337) 233-2353
Emails: richard@broussard-david.com
        blake@broussard-david.com

Attorneys For Plaintiff
PEGGY ROBIN, Personally And As Personal Representative Of The Deceased, Lionel Robin, ESTATE OF LIONEL ROBIN and MARK ROBIN

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

6542267

13   Case No. 3:19-cv-05201-JSC
JOINT CASE MANAGEMENT CONFERENCE STATEMENT